UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EROTIQUE SHOP, INC. d/b/a ) | | |
| CONDOMS & MORE, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. | |
| ) | | |
| VS. ) | 3:06-CV-2066-G | |
| ) | | |
| CITY OF GRAND PRAIRIE, TEXAS, ) | **ECF** | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Erotique Shop, Inc. d/b/a Condoms & More ("the plaintiff" or "Erotique"), for a temporary restraining order. For the reasons set forth below, the motion is granted.

### I. BACKGROUND

This case arises out of the plaintiff's attempts to open a Condoms & More store ("the store") to sell lingerie, condoms, gag gifts, bachelorette supplies and adult items. *See* Plaintiff's Complaint for Declaratory Relief, Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Complaint") at 4. Items sold in the store will not be used by customers on the premises. *Id.* Moreover, the store is not intended to

operate as a sexually oriented business, and the inventory of adult items will constitute only ten to twenty percent of the store's business. *Id.*; Affidavit of Shashi Sharma ("Sharma's Affidavit") ¶¶ 7, 9, *attached to* Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Plaintiff's Motion").

The defendant, the City of Grand Prairie, Texas ("the defendant" or "the city"), regulates the operation and location of sexually oriented businesses through two city ordinances -- numbers 5916 and 5917. *See* Plaintiff's Complaint, Exhibits A and B. A sexually oriented business is defined as "[a]n adult arcade, adult bookstore or adult video store, adult cabaret, adult motel, adult motion picture theater, escort agency, nude model studio, or sexual encounter center, or any establishment who [sic] as one of its principle [sic] businesses is to rely on sexual material for income." Ordinance 5916 at 11, *attached to* Plaintiff's Complaint as Exhibit A ("Ordinance 5916"). The terms "principle businesses" and "sexual material" are not defined, but the plaintiff's proposed store may come within the definition for an "adult bookstore" or "adult video store." *Id.* at 7-12. The definition of those terms includes any business that sells books or videos of an adult nature "as one of its principal business purposes." *Id.* at 7-8. Thus, for the store to be classified as a sexually oriented business, the city must determine that one of its principal business purposes is the sale of adult books, adult videos or other "sexual material." See *id.*

On September 14, 2006, the city issued Erotique a temporary certificate of occupancy, but it prohibited the store from opening until an inspection could be held to determine whether the store would be classified as a sexually oriented business. Sharma Affidavit ¶ 2.  Shortly after the temporary certificate of occupancy was issued, the city conducted an initial inspection and informed Erotique that a number of display items were problematic.  *Id.* ¶ 3.  Erotique removed those items but was still denied a certificate of occupancy on October 10, 2006, when the city determined the store should be classified as a sexually oriented business.  *Id.* ¶ 5.

In response to the city's decision to deny the store a certificate of occupancy, Erotique removed additional adult items from the store and made a second application for the certificate.  *Id.* ¶ 6.  On October 17, 2006, city officials conducted another inspection of the store.  *Id.*  The next day, the city rejected Erotique's second application for a certificate of occupancy.  *Id.*  Erotique then filed this suit on November 8, 2006, seeking declaratory and injunctive relief.

## II.  ANALYSIS

To obtain a temporary restraining order, Erotique must show the following: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) granting the injunction will not disserve the public interest.  *Sugar*

*Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). Erotique has met its burden of proof on each factor.

### A. Likelihood of Success

Erotique is likely to prevail on the merits in this case because the facts are substantially similar to those in *Encore Videos, Inc. v. City of San Antonio*, 330 F.3d 288 (5th Cir.) (per curiam), *cert. denied*, 540 U.S. 982 (2003), *clarified by* 352 F.3d 938 (5th Cir. 2003). Because the restriction of a party's right to sell adult books and videos implicates the first amendment, the city must show that its restriction on sexually oriented businesses is a narrowly tailored time, place and manner regulation. In *Encore Videos*, the Fifth Circuit found San Antonio's city ordinance regulating sexually oriented businesses to be unconstitutional, because it was not narrowly tailored to address the harmful secondary effects associated with sexually oriented businesses. *Id.* at 295.

The sexually oriented business in *Encore Videos*, like the store at issue in this case, proposed to sell adult videos for off-premises viewing. *Id.* at 290. However, the studies on which San Antonio relied in drafting its ordinance did not differentiate between sexually oriented businesses that provide for on-site use of adult products and those that only sell adult products for off-site use. *Id.* at 294-95. Similarly, none of the studies relied upon by the defendant in drafting its ordinances regulating sexually oriented businesses distinguish between businesses that provide for on-site

use of adult products and those that merely sell adult items for customers to use after they have left the store's premises.  *See* Ordinance 5916 at 2-4.

Businesses that limit the adult products they sell to off-site use "are less likely to create harmful secondary effects" because the store's customers "are less likely to linger in the area and engage in public alcohol consumption and other undesirable activities." *Encore Videos*, 330 F.3d at 295.  "In order to meet the narrow tailoring requirement, the city was required to provide at least some substantial evidence of secondary effects specific to adult businesses that sell books or videos solely for off-site entertainment." *Id.*  The city's failure to rely on studies that would implicate Erotique's proposed business makes it likely that Erotique will succeed on the merits of its claim.

B. <u>Irreparable Injury</u>

An irreparable injury is one that cannot be remedied by an award of economic damages.  *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).  "It is well settled that the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction." *Id.*  Even though erotic forms of expression "enjoy less protection that some other forms of speech," they are still protected by the First Amendment.  *Woodall v. City of El Paso*, 49 F.3d 1120, 1122 (5th Cir.), *cert. denied*, 516 U.S. 988 (1995).  Because the defendant's denial of Erotique's certificate of

occupancy deprives the plaintiff of its First Amendment rights, Erotique has shown irreparable harm.

### C.  The Threatened Injury

Next the plaintiff must show that the injury it will suffer if the court denies the temporary restraining order is greater than the injury the defendant will suffer if the order is granted.  If the temporary restraining order is not granted, Erotique avers that the expenses associated with maintaining the store -- including rent, utilities and costs to retain employees -- will force the plaintiff to abandon its business.  Sharma Affidavit ¶ 10.

The defendant counters that the operation of the store will negatively impact the community "and proof of such will be offered at trial."  Defendant's Response to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Defendant's Response") at 2.  The plaintiff, however, disputes the alleged negative impact on the community and has submitted evidence contradicting the city's allegation.  *See* Affidavit of Robert Bruce McLaughlin ("McLaughlin Affidavit") ¶ 90, *attached to* Plaintiff's Motion; *see also* Summary of Secondary Effects Analyses: Take-Home Only Adult Video Stores, Exhibit B to the McLaughlin Affidavit.

Because the defendant has offered no evidence that businesses selling adult merchandise for off-site use have harmful secondary effects on the community, the

injury that will be suffered by the plaintiff if the motion is denied exceeds the injury the city will suffer if the motion is granted. See *Encore Videos*, 330 F.3d at 295.

### D. The Public Interest

The parties identify two public interests that are implicated in this case. The plaintiff notes that the public has an interest in protecting the First Amendment rights of individuals. *See* Plaintiff's Brief in Support of Temporary Restraining Order and Preliminary Injunction at 2. Granting the motion for a temporary restraining order would clearly serve this interest.

The defendant argues that denying the motion will serve the public interest of promoting "the employment and tax payments engendered by retail businesses" and preventing the harmful secondary effects of sexually oriented businesses. *See* Defendant's Response at 3. However, the city has presented no evidence that Erotique's store would harm these public interests. Therefore, on the present record, the court finds that granting the motion will not disserve the public interest.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for temporary restraining order is **GRANTED** for ten days. The defendant is immediately restrained from the following activity:

Enforcing the provisions of Ordinance 5916 or taking enforcement actions against the plaintiff based on the city's failure to issue the store a certificate of

occupancy due to the city's determination that Erotique's business qualifies as a sexually oriented business. Prohibited enforcement actions include interfering with the plaintiff's business or operation, ticketing or arresting employees or owners of the store on the basis that the plaintiff does not hold a license to operate a sexually oriented business, and seeking a state court injunction to prevent the plaintiff from operating its business.

This order shall not be effective until the plaintiff executes and files with the clerk of this court a bond in conformity with FED. R. CIV. P. 65(c) in the amount of $1,000.00. Upon the plaintiff's filing of this bond, the clerk of this court shall issue a temporary restraining order in conformity with the law and the terms of this Memorandum Opinion and Order.

In accordance with FED. R. CIV. P. 43(e) and 78, the plaintiff's request for preliminary injunction will be determined on affidavits and/or depositions and without a hearing, unless the court determines that a hearing is necessary to resolve conflicts in the evidence or to make credibility determinations. The plaintiff shall submit any such affidavits and/or depositions and proposed findings of fact and conclusions of law annotated to the evidentiary record and relevant case law in this case by **November 14, 2006**.[*] The defendant shall submit any such affidavits and/or

---

[*] Annotation means that *each* proposed finding of fact and conclusion of law shall be accompanied by citation to supporting cases and/or affidavit. It is not
(continued...)

depositions and response to the plaintiff's proposed findings of fact and conclusions of law also annotated to the evidentiary record and relevant case law by **November 17, 2006**.

    **SO ORDERED**.

November 9, 2006.

_____
A. JOE FISH
CHIEF JUDGE

---

    [*](...continued)
sufficient to submit any proposed finding or conclusion without citation to supporting authority. Only Fifth Circuit and Supreme Court cases are binding precedent in this court. Therefore, to the extent possible, the parties should rely on those sources in proposing findings of fact or conclusions of law.